UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| AARON L. SALDANA, | |
| Plaintiff, | |
| v. | CASE NO. 2:23-CV-082-HAB |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

## OPINION AND ORDER

This matter is before the Court on a Petition for Attorney Fees pursuant to 42 U.S.C. § 406(b). Attorney Meredith E. Marcus ("Counsel"), who represented Aaron L. Saldana ("Plaintiff") before this Court and in subsequent administrative proceedings, asks this Court to approve an award of attorney fees. The Commissioner of Social Security ("Commissioner") neither supports nor opposes this motion. For the reasons stated below, the order is GRANTED.

## FACTUAL BACKGROUND

Counsel represented Plaintiff before this Court to appeal the Commissioner's decision to deny him disability insurance benefits and supplemental security income. The parties later agreed to reverse and remand the case for a new agency hearing, and this Court entered an order to carry out said remand. (ECF. No. 19). After this order, upon stipulation of the Commissioner, this Court awarded $8,750.00 in fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (ECF No. 23). On remand, the Social Security Administration awarded Plaintiff $73,502.00 in past-due benefits. (ECF No. 24 ¶ 2). The representation agreement between Plaintiff and Counsel entitled the latter to twenty-five percent of Plaintiff's past-due benefits. Twenty-five percent of $73,502.00 is $18,375.50, and the Social Security Administration withheld that amount from the award for the direct payment of attorney fees. *Id.*

In this motion, Counsel asks this Court to award a gross total of $18,375.50 in attorney fees under § 406(b). *Id.* ¶ 14. She requests that she be permitted to retain the $8,750.00 in EAJA fees already received under her representation agreement with Plaintiff, and that the net remaining balance of $9,625.50 be dispersed from any of Plaintiff's past-due benefits still being withheld.

## ANALYSIS

42 U.S.C. § 406 governs fees for attorneys representing Social Security claimants, both administratively and in federal court. *Gisbrecht v. Barnhart*, 535 U.S. 789, 793–94 (2002). An attorney who obtains a favorable judgment for a Social Security claimant can obtain "a *reasonable* fee for such representation, not in excess of 25 percent of the total of the past-due benefits" awarded to the claimant because of that judgment. 42 U.S.C. § 406(b)(1)(A) (emphasis added).

To determine whether a fee is reasonable, this Court "must begin with the contingency award as its polestar." *Arnold v. O'Malley*, 106 F.4th 595, 601 (7th Cir. 2024) (internal quotations omitted). It must then consider multiple factors to determine whether a requested award should be reduced, including "the claimant's satisfaction with their attorney's representation, the attorney's expertise and efforts expended, whether the attorney engaged in any undue delay or overreaching, the uncertainty of recovery and risks of an adverse outcome, and how the effective hourly rate compares to others in the field and jurisdiction." *Id.* Put another way, this Court "give[s] primacy to fee agreements" while acting as "'check' on contingent-fee agreements that result in unreasonable fees." *Id.* (quoting *Gisbrecht*, 535 U.S. at 807–08).

Here, Counsel requests a fee of $18,375.50 for 40.25 hours of work by her and her firm, an effective rate of $456.53 per hour. This amounts to twenty-five percent of Plaintiff's past-due benefits, the maximum allowed for representation in court under § 406. With that in mind, the Court must next determine whether this request is reasonable. It is.

While Counsel's motion does not indicate Plaintiff's express satisfaction, it can be implied. Plaintiff was initially denied benefits. Counsel successfully reversed that result. To do so, Counsel represented Plaintiff before this Court and in administrative appeals for two years. Plaintiff is now entitled to $73,502.00 in past-due benefits. (ECF No. 24 ¶ 12). He will be paid an additional $280,141.40 of benefits in monthly installments for the next twelve years. *Id.* Neither would have occurred without Counsel's successful representation.

Other factors also point to the fees request being reasonable. Counsel has more than a decade of experience doing social security appeals. There is no evidence she delayed or overreached in this case. By representing Plaintiff on contingency, Counsel also assumed considerable risk of financial loss. And the effective hourly rate she requests is well within the range of past awards approved in this jurisdiction.[1]

Accordingly, the Court grants Counsel's motion and authorizes $18,375.50 in attorney fees, less the $8,750.00 already received under the EAJA. This results in a net award of $9,625.50 in fees.[2]

## CONCLUSION

For the foregoing reasons, the Petition for Attorney Fees (ECF No. 24) is GRANTED in the amount of $18,375.50, less the $8,750.00 already received under the EAJA. The Commissioner shall pay Counsel the resulting net fee award of $9,625.50 out of Plaintiff's withheld past-due benefits and release any remaining withheld benefits to Plaintiff.

**SO ORDERED** on September 11, 2025.

 s/ Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT

---

[1] *See, e.g., Sholl v. Comm'r of Soc. Sec.,* No. 1:22-CV-00042-SLC, 2025 WL 1778711, at *4 (N.D. Ind. June 27, 2025) (awarding a fee equating to $657.23 per hour); *Hughes v. O'Malley*, No. 1:20-CV-369-TLS-SLC, 2024 WL 1071059, at *1 (N.D. Ind. Feb. 6, 2024) (awarding a fee equating to $484.74 per hour); *Mitchell v. Comm'r of Soc. Sec.*, No. 1:20-cv-00490-SLC, 2024 WL 228037, at *4 (N.D. Ind. Jan. 22, 2024) (awarding fee equating to $603.14 per hour).

[2] The Court notes that while "the netting method" for disbursement of attorney fees "is permissible, it is 'disfavor[ed]'" because the Savings Provision of § 406(b)(1) "anticipates an attorney-to-claimant refund." *O'Donnell v. Saul*, 983 F.3d 950, 957 (7th Cir. 2020) (quoting *Martinez v. Berryhill*, 699 F.App'x. 775, 776 (10th Cir. 2017)).